## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARK A. VAN VLEET, #S08914,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 3:21-cv-00222-NJR** |
| | ) | |
| **MT. CARMEL POLICE DEPT.,** | ) | |
| **CASSANDRA GOLDMAN,** | ) | |
| **JAMES LANE,** | ) | |
| **STEVEN SAWYER,** | ) | |
| **and RYAN TURNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mark A. Van Vleet is a state prisoner currently incarcerated at Menard Correctional Center ("Menard") in the Illinois Department of Corrections ("IDOC"). He filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights in connection with an arrest and pending state prosecution in Wabash County. He claims that Mt. Carmel police officers used excessive force while arresting him, causing serious injuries. Van Vleet does not seek monetary damages; his only request for relief is that the "fabricated charge" against him be dismissed. (Doc. 1, p. 7).

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally

frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

The allegations in Van Vleet's Complaint are difficult to follow, as his narrative jumps back and forth between his February 2019 arrest and a separate incident in 2008 that resulted in Van Vleet pleading guilty to a charge of aggravated battery on a police officer. (Doc. 1, pp. 6, 9-22).[1] Only when Van Vleet submitted additional documents to the Court did it become clear that he is currently facing charges of battery of a peace officer and/or resisting arrest in Wabash County from February 2019 that have yet to be resolved.[2] (Doc. 10, pp. 13-18; Doc. 11, pp. 1-2).

The Complaint alleges: On February 2, 2019, Van Vleet was in the basement at his mother's house in Mt. Carmel when two unnamed officers of the Mt. Carmel Police Department arrested him. (Doc. 1, pp. 6, 9, 12). They placed him in very tight handcuffs and lifted his arms up behind his back, causing him to fall while on the stairs; he also

---

[1] According to the online records of the IDOC, Van Vleet completed serving his sentence for the 2008 Wabash County aggravated battery conviction and is now serving time on two 2019 convictions (one in White County and one in Edwards County) for driving on a revoked/suspended license and DUI. Https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.asp (last visited Dec. 15, 2021). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).
[2] *Illinois v. VanVleet*, Case No. 2019-CF-39, Wabash County Circuit Court. *See* Wabash County Circuit Clerk electronic case records, https://www.judici.com/courts/cases/case_history.jsp?court=IL093015J&ocl=IL093015J,2019CF39,IL093015JL2019CF39D1 (last visited Dec. 16, 2021).

claims officers picked him up and threw him down on the steps. (Doc. 1, pp. 12-13, 21). Van Vleet believes that an informant set him up for a drug arrest, and that the officers, at the direction of Ryan Turner, intentionally hurt him with the handcuffs in order to provoke him into a physical altercation with them. (Doc. 1, pp. 6, 12-14). Van Vleet was locked up in the drunk tank for about an hour before he was taken to the hospital in severe pain. (Doc. 1, p. 16). He was released on recognizance with a disorderly conduct charge and soon started physical therapy for injuries to his back and head. (Doc. 1, p. 16). He has had surgery for internal bleeding and has experienced seizures since the incident. (Doc. 1, p. 19).

Three weeks later Van Vleet learned a warrant had been issued for his arrest on a charge of aggravated battery of a police officer. (Doc. 1, p. 16). Van Vleet vehemently denies that he struck an officer and claims the charge is fabricated to cover up the officers' assault on him. (Doc. 1, pp. 17, 20). He believes there has been a pattern of attempts to maliciously prosecute him over the past ten years by Turner and other Mt. Carmel police officers. (Doc. 1, pp. 17-19).

In 2008, Defendant Cassandra Goldman (former state's attorney) charged Van Vleet with aggravated battery on a police officer (then-Detective Ryan Turner), even though the officer's partner testified that Van Vleet didn't commit the crime. Goldman then intimidated Van Vleet into taking a plea bargain for a five-year sentence. (Doc. 1, pp. 14-15). Steve Sawyer was the judge on that case, and James Lane was the public defender. (Doc. 1, pp. 2, 15). Turner is now the chief of police in Mt. Carmel. *Id.*

<u>D<small>ISCUSSION</small></u>

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> **Count 1:** **Excessive force claim against unnamed Mt. Carmel police officers and/or the Mt. Carmel Police Department for injuring Van Vleet during his February 2, 2019 arrest.**

> **Count 2:** **Claim against Mt. Carmel Police Department, Goldman, Lane, Sawyer, and Turner for pursuing fabricated assault charges against Van Vleet in connection with his February 2, 2019 arrest.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Count 1

Van Vleet's Complaint does not assert an excessive force claim. Nevertheless, because his factual allegations indicate that such a claim might be made, the Court will analyze this issue.

The Fourth Amendment prohibits the use of excessive force during the execution of a seizure of a person. *See United States v. Collins*, 714 F.3d 540, 543 (7th Cir. 2013) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Marion v. City of Corydon, Ind.*, 559 F.3d

700, 705 (7th Cir. 2009)). This prohibition is applicable to an arrest, investigatory stop, or other seizure. *Graham*, 490 U.S. at 395. Under such circumstances, the Fourth Amendment's reasonableness standard applies. *Id*. Fourth Amendment jurisprudence recognizes that the right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*.

Taking Van Vleet's allegations as true, he could have a viable civil rights excessive force claim against the individual officers who handcuffed and injured him during the February 2, 2019 arrest. But he has not included these individuals as Defendants. Notably, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Van Vleet does not allege that any of the current Defendants was present at the time he was injured or exerted unnecessary force against him. Moreover, a municipal police department is not a suable entity apart from the city, thus Van Vleet cannot maintain a claim against the Mt. Carmel Police Department. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997).

Van Vleet may be able to correct the omission of the officers as Defendants by submitting an amended complaint. The Complaint presents another problem, however, which the Court concludes is insurmountable. State personal injury laws determine the

5

statute of limitations (the timeline within which a complaint must be filed) in a Section 1983 case. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, this is a two-year period. 735 Ill. Comp. Stat. 5/13-202; s*ee also Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

Van Vleet states that the incident of excessive force during his arrest took place on February 2, 2019.[3] (Doc. 1, pp. 6, 21). He signed his Complaint on February 9, 2021 (Doc. 1, p. 7) and certified that he placed it in the prison mail system on February 10, 2021. (Doc. 1, p. 9). Both those dates are more than two years after the date of the excessive force incident.

Typically, affirmative defenses such as filing after the statute of limitations has run out are litigated by the parties after service. *See Jones v. Bock*, 549 U.S. 199, 212 (2007). A court may invoke these defenses on Section 1915A review, however, when the availability of the defense is apparent on the face of the Complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). That is the situation here. According to his own allegations in the Complaint and his certificate of service, Van Vleet filed this case more than two years after his claim accrued on February 2, 2019. The excessive force claim will therefore be dismissed with prejudice as barred by the statute of limitations.

---

[3] On one page, Van Vleet says that the incident occurred on February 2 of "last year," suggesting the relevant date was in 2020, not 2019. (Doc. 1, p. 9). However, the aggravated battery charges which he states were brought three weeks after his arrest were filed with a 2019 case number, indicating that the arrest must have been in February 2019.

**Count 2**

The only relief Van Vleet seeks—dismissal of the allegedly fabricated pending state criminal charge(s) against him in Wabash County (Doc. 1, p. 7)—is not available in a federal civil rights action.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982), and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). Extraordinary or special circumstances which may overcome this doctrine are generally limited to issues of double jeopardy and speedy trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010).

The *Younger* abstention doctrine is implicated here because Van Vleet's ongoing Wabash County criminal proceeding is judicial in nature and involves the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide Van Vleet with an adequate opportunity for review of any constitutional claims. And finally, no extraordinary circumstances are

apparent which require federal intervention at this stage. Count 2 shall therefore be dismissed with prejudice.

When a complaint is dismissed pursuant to Section 1915A, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). Leave to amend need not be granted, however, if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). The Court finds that amendment would be futile in this case, because the statute of limitations has run out on any excessive force claim arising from the February 2, 2019 incident, and because the *Younger* abstention doctrine prevents the Court from interfering in Van Vleet's state criminal prosecution. This matter shall therefore be dismissed with prejudice without leave to amend.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) and this entire case are **DISMISSED with prejudice**. All pending motions are **DENIED as moot**.

The Court does **not** count this dismissal as one of Van Vleet's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007) (dismissal on statute of limitations grounds does not implicate the "strike" provision in Section 1915(g)).

Van Vleet is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the balance of the filing fee of $350.00

remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Van Vleet wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Van Vleet plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Van Vleet does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Van Vleet may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 20, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**